PER CURIAM.
In a chancery action the appellant, a building contractor, sought to charge certain real property of appellees with an equitable lien for construction of improvements made thereon. In a law action which grew out of the chancery action, the appellant sought to recover sums allegedly due (1) on a promissory note from the appellee South Dade Professional Building, Inc., [hereinafter referred to as Professional] and (2) under a certain construction contract. Answers were filed by the appellees in the chancery and law actions. The appellee Professional filed a counterclaim against the appellant and a cross claim against the appellee South Miami Hospital Foundation [hereinafter referred to as Foundation] in the law action. The two causes were consolidated for trial before the court without a jury. Professional withdrew its cross claim at the beginning of the trial.
The trial resulted in a final decree and a judgment that awarded the appellant (1) $15,591.80, plus interest and attorneys’ fees, on the promissory note, (2) an equitable lien upon the property improved to the extent of $4,300, and (3) court costs. The final decree and judgment included an allowance to Professional of a setoff in the amount of $7,200. All other claims were rejected. This appeal is from the final decree and judgment.
The dispute between these litigants grew out of transactions leading up to and including the construction of the South Miami Hospital and Professional Building. Several contracts relating to the construction were executed by the parties. The final contract was executed on December 18, 1959, and is broken down into two parts. The first part delineated the amount of the contract price to be allotted to Professional and the second part to the Foundation. The contract was the usual AIA form contract which contained certain general conditions, among them being Article 12 reading in part as follows:
“Whenever the law of the place of building requires a sales, consumer, use, or other similar tax, the Contractor shall pay such tax.”
*778 On June 10, 1960, Professional was indebted to the appellant in the approximate sum of $31,000. In order to satisfy a portion of this claim, there was executed and delivered to the appellant a promissory note in the sum of $20,000, with interest at 6%, due in six months from date. The note provided for the payment of attorneys’ fees in the event of default. This note, together with the adjusted balance claimed under the contract, as well as certain extras, formed the basis for the appellant’s common law action against Professional. Professional in the law action counterclaimed against the appellant, claiming in substance that it had overpaid the appellant and therefore should have a reduction in the claimed amount.
’■ It is the contention of the appellant that under the contract of December 18, 1959, the provision contained in the general conditions, requiring the contractor to pay sales tax, was obviated as to the hospital portion of the building by a parol agreement among the parties to the effect that if certain sales tax from which the Foundation would ordinarily be exempt was determined to be non-exempt, then the appellees would reimburse the appellant for such tax and expenses in connection with settling the same. A further contention by the appellant is that there was no basis for the allowance of $7,200 as a setoff or counterclaim in favor of Professional against the appellant’s claim. The appellee Professional has cross assigned error contending first that the allowance of $7,200 as a setoff against the appellant’s claim was inadequate and that it should have been approximately $12,000, and secondly, that the court erred in charging interest against Professional on its promissory note from the date of the note on the entire amount rather than interest on the sums due at the time the action was instituted. The remaining appellees, except the Foundation, cross assigned as error that portion of the final decree subjecting their interest in the real property to an equitable lien.
We turn now to the appellant’s contention that a parol agreement existed between the parties to reimburse the appellant for any tax liability that would be found to exist against it for sales tax incurred in the purchase of materials in the construction of that portion of the building to be used by the hospital. The background of this contention appears to be that the appellant was furnished with certain sales and use tax exemption certificates for the purchase of materials, etc., on behalf of the Foundation. The building was originally begun as an office building, but during the course of construction, the Foundation was formed and Professional, for itself and the Foundation, entered into the contract of December 18, 1959, to have the building constructed as a hospital with a portion thereof to be used for professional offices. It was represented to the appellant that the sales and use tax exemption certificates would obviate the necessity of the appellant’s paying a sales tax on purchases which it made of materials for incorporation in the improvement on behalf of the hospital. Toward the end of the construction of the building, the Comptroller’s office of Florida determined that the purchases were not exempt and proceeded to levy a tax against the appellant for purchases which it had theretofore considered exempt. It was at the time when the tax liability of the appellant appeared imminent that the oral agreement allegedly came into being. The appellant buttresses its claim of a parol agreement for indemnification against sales tax liability by the fact that it did not figure in its contract price sales tax on materials and services to be furnished in the construction of that portion of the building allotted to the hospital. We must reject the appellant’s contention on this point. Chapter 212, Fla.Stat., F.S.A., would normally place the tax liability, in circumstances such as exist here, upon the appellant contractor. The contract itself, as heretofore described, specifically placed the liability for the payment of such tax upon the contractor. The sales and use tax cer *779 tificates furnished appellant plainly 'stated on the face thereof that it was limited to purchases “by hospital funds of items to be used directly in construction and operation of the hospital” and was issued in the name of the Foundation. We conclude, as did the able trial judge, that the contract provisions controlled and should not have been varied by a parol agreement under the circumstances here.
The appellant’s second contention on appeal is that the trial judge’s allowance of a $7,200 setoff was erroneous in view of the terms of the contract. The record in this cause as to the counterclaim appears confusing to say the least. There is no amount which the appellee Professional claims as a setoff, but a general allegation of overpayment is made. The trial judge considered it as such and we are not in a position here to say that he was in error in so considering. The contract called for a lump sum but it is obvious that this sum was varied by additions, alterations and modifications from time to time. It is true that the contract itself provided an itemized statement of the work including a stipulated sum of $46,000 for the performance of the tile work. This sum was further reduced by some $2,000 as a credit to the Foundation. After the building was completed, the appellees had an expert measure the amount of tile that was in the building'and he reported a figure of some $11,000 less than the sum stipulated in the contract. This sum was arrived at by applying a square foot unit price to the number of square feet of tile in the building. The unit price had been previously furnished by the appellant to the Foundation and Professional. We agree with the appellant that it is impossible to ascertain from the record in this cause just how the trial judge arrived at the sum of $7,200, but since it is within the permissible range of the evidence which the court accepted as credible and probative, we cannot say that he was in error. Obviously the contract was drawn with the idea in mind that the amounts itemized in the contract could be scaled up or down as the necessities of construction required and that the parties so treated it by their course of dealings during construction. Compare Mileage Realty Co. v. Miami Parking Garage, Inc., Fla.App.1962, 146 So.2d 403, 406. We find the appellant’s contention in this regard to be without merit.
We have considered the contentions of the appellees under their cross assignments of error but find them to be without substantial merit. Accordingly, the final decree and judgment appealed should be and is hereby affirmed.
Affirmed.